Filed 1/28/21  Conservatorship of Rodriguez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| Conservatorship of the Person and Estate of Olga C. Rodriguez.<br><br>_____<br><br>MARIA I. DURAN, as Conservator, etc.,<br><br>　　Petitioner and Appellant,<br><br>　　　　v.<br><br>OLGA C. RODRIGUEZ,<br><br>　　Conservatee and Respondent. | B303879<br><br>(Los Angeles County Super. Ct. No. 19STPB01141) |

APPEAL from an order of the Superior Court of Los Angeles County.  Paul T. Suzuki, Judge.  Appeal dismissed.

StakerLaw Tax and Estate Planning and Kevin G. Staker for Petitioner and Appellant.

Law Offices of Stephen R. McLeod and Stephen McLeod for Conservatee and Respondent.

_____

We dismiss as moot a conservator's appeal from a probate court order, because the respondent conservatee died during the pendency of the appeal.

Petitioner and appellant Maria I. Duran was appointed conservator of the person and estate of her mother, Olga C. Rodriguez. Ms. Rodriguez, the conservatee, was 88 years old, diagnosed with dementia, unable to provide for her own care, and residing in an assisted living facility.

Petitioner and the conservatee owned the conservatee's principal residence as joint tenants. The conservatee's interest in the home was her only asset. Petitioner sold the home, and the conservatee's share of the proceeds amounted to about $244,000.

Petitioner sought a substituted judgment authorizing her, as conservator, to gift the conservatee's share of the proceeds to herself, at the rate of $9,336 per day. This, she says, would allow the conservatee to qualify for long term care benefits under Medi-Cal, without incurring any period of ineligibility. The court-appointed attorney for the conservatee agreed with petitioner's proposal.

The trial court did not agree with petitioner's proposal, instead authorizing petitioner to gift $1,000 per month of the conservatee's funds to herself.

Petitioner appealed from the court's order on January 24, 2020, and the conservatee died on July 28, 2020, before briefing began.

In her opening brief, petitioner tells us that she seeks judicial review, "not for relief," but because the conservatee was "exposed to harm" by the ruling and because the ruling "may affect others seeking court authority to do Medi-Cal planning on behalf of a conservatee." Respondent, the court-appointed

2

attorney for the late conservatee, agrees with petitioner's interpretation of Medi-Cal law and contends the death of conservatee does not render the issue moot, because the issue of "access to long term care under the terms of Federal and State law" is of great public importance.

The case is clearly moot, as a decision can provide no relief to petitioner. Nor does the case qualify for an exercise of our discretion "to decide otherwise moot cases presenting important issues that are capable of repetition yet tend to evade review." (*Conservatorship of Wendland* (2001) 26 Cal.4th 519, 524, fn. 1; see *Konig v. Fair Employment & Housing Com.* (2002) 28 Cal.4th 743, 745, fn. 3 ["On issues of great public interest, we have the inherent discretion to resolve the matter despite events which may render the matter moot."].) Even if we assume the issue raised is one of "important public interest" as respondent asserts, we see no basis to conclude it is an issue that would tend to evade review.

## DISPOSITION

The appeal is dismissed as moot. No costs are awarded.


GRIMES, J.

WE CONCUR:


BIGELOW, P. J.


WILEY, J.